**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1262
_____

CONG A. CUN,
AKA Sang,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A046-091-191)
Immigration Judge:  Honorable Andrew Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 22, 2011

Before: SCIRICA, SMITH and VANASKIE <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 1, 2011 )

_____

OPINION
_____

PER CURIAM

Petitioner Cong A. Cun, proceeding pro se, seeks review of a final order of

removal.  For the reasons that follow, we will deny his petition for review.

## I.

Cong A. Cun, a native and citizen of Vietnam, became a lawful permanent resident of the United States in May 1997. In July 2009, Cun was convicted in federal district court of one count of conspiracy to distribute marijuana (21 U.S.C. § 846) and two counts of aiding and abetting the distribution of marijuana (21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2), and was sentenced to forty-one months of incarceration. He was then charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) (convicted of an aggravated felony as defined by § 1101(a)(43)(B) and (U)). Cun appeared before the Immigration Judge ("IJ") in January 2010 and conceded removal; he waived appeal from that decision.

In October 2010, Cun filed a motion to reopen to apply for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). The IJ denied the motion after determining that Cun was statutorily ineligible for cancellation of removal because he has been convicted of an aggravated felony. The Board of Immigration Appeals ("BIA") agreed, and dismissed his appeal. Cun filed a timely notice of appeal.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the denial of a motion to reopen. We review such denials for abuse of discretion. Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

III.

In order for a lawful permanent resident to be eligible for cancellation of removal, he must have maintained that status for a minimum of five years, resided in the United States for seven continuous years, and not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a). Cun argues that the BIA did not apply the categorical approach set forth in Taylor v. United States, 495 U.S. 575 (1990), to determine whether his conviction qualified as an aggravated felony. The claim is without merit. In denying his request for a motion to reopen to apply for cancellation, the IJ applied Singh v. Ashcroft, 383 F.3d 144, 147-48 (3d Cir. 2004), in which this Court determined that Taylor's categorical approach applies in assessing whether an alien's conviction is an aggravated felony. The BIA agreed with the IJ's findings. Accordingly, Cun fails to demonstrate any error.

Cun next claims that the BIA improperly relied on a sentencing factor, 21 U.S.C. § 841(b), to establish his removability. The government argues persuasively that we lack jurisdiction to review the determination that Cun is removable because he waived his appeal from the IJ's original removal order, and he did not exhaust his administrative remedies. See 8 U.S.C. § 1252(d)(1); Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005). In any event, as described below, any potential error is harmless, as Cun's conviction under § 841(a) constitutes an aggravated felony.

Finally, Cun claims that the BIA improperly relied on his admission that he was convicted of an aggravated felony, or on his "admission to the facts in 21 U.S.C. §

3

841(b)," in concluding that he had been convicted of an aggravated felony. This claim is without merit. Cun conceded before the IJ that he had been convicted of the crimes as alleged. Under 8 U.S.C. § 1101(a)(43)(B), "illicit trafficking in a controlled substance . . ., including a drug trafficking crime (as defined in section 924(c) of Title 18)" is an aggravated felony. Cun's conviction pursuant to 21 U.S.C. § 841(a)(1) clearly qualifies. See 18 U.S.C. § 924(c) (defining "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)").

## IV.

For the foregoing reasons, we will deny the petition for review.